DARYOUSH TOOFANIAN, ESQ.
BAR NO. 24039801
RAD LAW FIRM
12900 PRESTON RD., SUITE 900
DALLAS, TEXAS 75230
PH: 972-661-1111
FAX:  972-661-3537
DTOOFANIAN@RADLAWFIRM.COM

# IN THE NORTHERN FEDERAL DISTRICT COURT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| TERRY GRAHAM, JR. | § § § § | |
| v. | § § § | CASE NO._____ |
| DALLAS AREA RAPID TRANSIT, JEANNE JONES AND FERNANDO IBARRA, JR. | § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Plaintiff, Terry Graham, Jr, and files this, his original complaint against Dallas Area Rapid Transit, Jeanne Jones (Individually), and Fernando Ibarra, Jr. (Individually) as said Defendants, jointly and severally, have denied Plaintiff his rights as guaranteed by the Constitution and laws of the United States of America and the State of Texas.

## JURISDICTION AND VENUE

1.      This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(3) (civil rights).  This court also has supplemental jurisdiction pursuant to 28 U.S.C.S. § 1367 to hear the state claims that will be set forth in this complaint.  Venue is proper in

the Northern District of Texas, Dallas Division, as this is the district where the claim arose in accordance to 29 U.S.C.§ 1391(b).

## PARTIES

2. Plaintiff Terry Graham, Jr. (hereinafter "Plaintiff") is a resident of Dallas, Dallas County, Texas.

3. Defendant Dallas Area Rapid Transit (hereinafter "DART") is a political subdivision of the State of Texas that can be served by serving its agent for service GARY THOMAS at 1401 Pacific Avenue, Dallas, TX 75202.

4. Defendant Jeanne Jones (hereinafter "Jones") was at all times material to this suit an Officer in the DART Police Department. Each and every act complained of herein arose from the conduct of Defendant while acting under color of state law, and was committed within the scope of his office and authority with the DART. This Defendant can be served at her place of employment at 1401 Pacific Avenue, Dallas, TX 75202.

5. Defendant Fernando Ibarra, Jr. (hereinafter "Ibarra") was at all times material to this suit an Officer in the DART Police Department. Each and every act complained of herein arose from the conduct of Defendant while acting under color of state law, and was committed within the scope of his office and authority with the DART. This Defendant can be served at his place of employment at 1401 Pacific Avenue, Dallas, TX 75202.

## FACTS

6. Whenever, in this complaint it is alleged that any Defendant did any act, thing, and/or omission, it is meant that Defendant and/or Defendant's officers, agents, servants, employees or representatives did such act, thing and/or omission and that at the time it was done with full authorization and/or ratification of Defendant or done in the normal and routine course and scope

of employment of Defendant and/or Defendant's officers, agents, servants, employees or representatives.

7. For Plaintiff, May 11, 2013 was a completely uneventful day until he was subjected to the unlawful actions of the Defendants in this case. Earlier in the day, Plaintiff had been to the shopping mall to buy a present for his mother, as Mother's day was the following day. Plaintiff elected to use public transit, to wit, a bus operated by DART for transportation on that fateful day. On the way back from the shopping excursion while aboard the bus operated by DART, Plaintiff's life was forever changed due to the unlawful acts of the Defendants in this case.

8. While aboard the DART bus, apparently some type of altercation occurred. Plaintiff was in no way involved in this altercation, and to date, the subjects of this altercation are unkown to Plaintiff, and law enforcement. Allegedly, a man punched his female bus companion at some point during the ride. Plaintiff is informed and he believes that this event caused the driver of the DART bus to contact DART police to come to the bus and engage in law enforcement activities related to the purported assault.

9. Upon information and belief, Jones was the first DART officer to arrive to the bus. She immediately approached and detained Plaintiff. Jones detained Plaintiff despite the fact that both Plaintiff, and several other passengers on the bus explained to her that Plaintiff had nothing to do with the occurrence that prompted the call to DART police.[1] Nonetheless, Plaintiff did not resist and was handcuffed without incident.

10. After Plaintiff was handcuffed, he was removed from the DART bus by Jones, where he was met by Ibarra. Once near the squad car, Ibarra and Jones unlawfully and without justification severely beat and struck and otherwise injured Plaintiff.

---

[1]. As an aside, no further investigation appears to have been done to ascertain the identity or whereabouts of the alleged bus assailant.

11. As a result of the Defendant Ibarra and Jones' actions, Plaintiff sustained numerous injuries to his body, including, but not limited to, head injuries, abrasions, and misaligned teeth.

12. Plaintiff is informed and believes, and thereupon alleges that in committing said acts and/or omissions, Defendants Ibarra and Jones were the agents and/or employees of Defendant DART, and were acting within such agency and employment, as well as, under color of state law. Additionally, Plaintiff is informed and believes that Jones and Ibarra frequently committed unjustified acts of violence, and used excessive force under the color of state law without issue or intervention from DART.

13. Moreover, the acts of the individual Defendant amount to an excessive and/or unnecessary use of force. Said excessive/unnecessary use of force is objectively unreasonable as no reasonable police officer and/or law enforcement officer given the same or similar circumstances would have initiated such a brutal and life threatening attack on any person in the position of Plaintiff, who was in custody and/or control of law enforcement for no lawful reason.

14. Furthermore, said excessive force committed against Plaintiff by Defendants Ibarra and Jones was not performed in good faith to maintain or restore discipline, but was performed maliciously, intentionally, and sadistically for the very purpose of punishing and causing harm to Plaintiff.

15. At all pertinent times, Defendant DART authorized and ratified the wrongful and tortuous acts and/or omissions of its officers.

## FIRST CLAIM FOR RELIEF - - §1983

18. The allegations contained in Paragraphs 6 through 15 are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

19. **Section 1983.** The Civil Rights Act of 1871 (Ku Klux Klan Act), now codified as 42

U.S.C.S. § 1983 as federal law provides: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory of the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."  42 U.S.C.S. § 1983.

20. The state action requirement for standing under 42 U.S.C.S. § 1983 has more commonly been referred to as "color of state law," from the statute itself.  Plaintiff is informed and believes, and thereupon allege that in committing said acts and/or omissions, each Defendant was the agent and employee of each other Defendant and was acting within such agency and employment and that each Defendant was acting under color of state law.

21. 42 U.S.C.S. § 1983 requires that the conduct complained of must have deprived the person of some privilege or immunity secured by the Constitution or laws of the United States.  As such, Plaintiff alleges that Defendants, jointly and/or severally deprived him of his Fourth Amendment rights and those rights, privileges, and immunities secured by the Fourth and Fifth Amendments to the Constitution incorporated and applied to the states through the Fourteenth Amendment. Defendants violated this provision by the following actions, *inter alia*, and/or omissions:

    a) by using excessive force in the course of Defendants' custody of Plaintiff, in violation of the Fourth Amendment and its "reasonableness" standard.  Plaintiff therefore pleads that he was unlawfully beaten and slammed into the ground.  Said actions resulted directly and only from the use of force that was clearly excessive to the need, and the excessiveness of which was objectively unreasonable, especially in light of such force being in response to First Amendment speech alone;

b) by failing to intervene, where such intervention would have prevented the violations and/or injuries of Plaintiff;

c) by attempting to detain Plaintiff in violation of his Fourth Amendment expectation of privacy and guarantee to security from unreasonable search and

d) by falsely and maliciously charging Plaintiff with the commission of crimes without probable cause to believe that such crimes had occurred and on the sole deadly force in the course of the officers' supposed arrest, and/or investigatory stop, and/or other "seizure" of free citizens, such as Plaintiff, in violation of the Fourth Amendment and its "reasonableness" standard. Plaintiff therefore pleads that he was unlawfully assaulted, and physically beaten and slammed by Defendants Ibarra and Jones. Said actions resulted directly and only from the use of force that was clearly excessive to the need, and the excessiveness of which was objectively unreasonable.

23. Such actions and/or omissions are "objectively unreasonable" in light of the facts and circumstances confronting Plaintiff without regard to his underlying intent or motivation. Clearly, careful attention to the facts and circumstances of this particular case demonstrates the unreasonableness of said actions. For these reasons, it is objectively unreasonable for Defendant Ibarra and Jones to beat and slam Plaintiff.

24. **§ 1983 - Seizure**. Furthermore, when persons, such as Plaintiff, are seized and are not "suspects" and have committed no crime, but are forced to undergo police escalation and brutality of the situation, the importance of the governmental interests alleged to justify the conduct is necessarily diminished. As such, the actions and/or omissions of Defendants Ibarra and Jones cannot be justified under the circumstances of the instant case.

25.     Likewise, Defendants are liable if they conduct the seizure in an abusive manner even if they have the lawful authority to conduct the seizure. Plaintiff, in this situation, is protected by the Fourth Amendment to the United States Constitution and Article I, Sec. 9 of the Texas Constitution. The right to security in person and property protected by the Fourth Amendment may be invaded in quite different ways by searches and seizures. A search comprises the individual interest in privacy; a seizure deprives the individual of dominion over his or her person or property. In this instance, the seizure of Plaintiff ran afoul of the Fourth Amendment because it was conducted in an unnecessarily cruel, painful, and/or dangerous manner. Indeed, Plaintiff was severely beaten/slammed by Defendants Ibarra and Jones without probable cause and/or sufficient justification.

26.     **§ 1983 - Municipal liability.**  It is also well-established that counties are liable under 42 U.S.C.S. § 1983 for constitutional torts that are in compliance with the county's customs, practices, policies or procedures. A governmental entity is liable for constitutional deprivations visited pursuant to governmental custom even though such custom has not received formal approval through the body's official decision making channels. In this case, Defendant DART is liable because it sanctioned the custom, practice and/or policy or procedure of illegal seizures, excessive force and/or violating their rights to be free of unwanton seizure. Defendants Ibarra and Jones's actions were a customary practice and/or policy or procedure that was sanctioned by Defendant DART out of which deprived Plaintiff of his civil rights by statute and by both the Texas and United States Constitutions. Liability for Defendant DART is established under §1983 because the assault, beating, and severe injury to citizens, with little or no justification, is a persistent, widespread practice of DART employees -- namely police officers -- that, although not authorized by officially adopted policy, is so common and well settled as to constitute a custom that fairly represents official policy. Defendant DART's actual or constructive knowledge of this

practice, custom, and/or policy or procedure and of numerous prior incidents of police officers using excessive force upon citizens establishes custom and accession to that custom by the their policy makers.  Defendant DART's unspoken policy of assaulting citizens is a decision that reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory rights will follow the decision.  In the alternative, Defendant DART is liable under §1983 for failure to adopt a policy precluding officers from beating/assaulting citizens because such failure to adopt such a policy is one of intentional choice.

27. Moreover, Defendant DART is liable for inadequate training of police officers under §1983. Liability attaches to Defendant DART because its failure to train amounts to deliberate indifference to the rights of the persons with whom these officers come in contact.  In particular, Plaintiff alleges that the training program in relation to the tasks the particular officer must perform is inadequate in the respect that the program fails to teach new police persons that beating and/or using excessive force against citizens violates citizens' constitutional rights.  As such, the deficiency in training actually caused Defendant Ibarra and Jones to violate Plaintiff's constitutional rights.

28. **§ 1983 - Qualified Good Faith Immunity**. Qualified good faith immunity stands for the proposition that even though the civil rights of a complainant may have been violated, if the officer engaged in the conduct in good faith there is no liability for that individual.  The standard by which an officer's entitlement to good faith qualified immunity is objective not subjective.  Defendants Ibarra and Jones's actions judged by such objective standard protects, "all but the plainly incompetent or those who knowingly violate the law."  The determination of objective reasonableness must be based on a version of the facts most favorable to the Plaintiff.  To the extent that credibility questions exist, a fact-finder continues to be necessary.  In the instant case, Plaintiff

alleges that Defendants Ibarra and Jones are not entitled to claim "qualified good faith immunity." Importantly, Defendants Ibarra and Jones never had a good faith belief in his conduct because he acted in a manner demonstrating that they were plainly incompetent and knowingly violated Plaintiff's civil rights. When the facts are taken in the light most favorable to the Plaintiff, it is clear that Plaintiff gave no resistance when he was assaulted, harassed and/or arrested. Any reason given by Defendants Ibarra and Jones for their unlawful actions and/or omissions does not warrant the application of qualified good faith immunity because they were never in danger nor were any other persons in the vicinity in danger of Plaintiff. Plaintiff has asserted violations of his constitutional rights to be free from unreasonable seizure and this right was clearly established at the time of Defendant Ibarra' actions. Moreover, Defendants Ibarra and Jones's actions were objectively unreasonable in the sense that they knew or reasonably should have known that the actions taken within his authority or responsibility would violate the constitutional rights of Plaintiff.

29.   **§1983 - False Arrest and/or False Imprisonment**. Plaintiff further alleges that Defendants, jointly and/or severally violated his Fourth Amendment rights when Defendants unreasonably falsely arrested and detained Plaintiff.

30.   Plaintiff pleads a § 1983 claim for false arrest under the Fourth Amendment as Defendants arrested Plaintiff without probable cause. Defendants did not have probable cause to arrest because the facts and circumstances within their knowledge was not reasonably sufficient to warrant a prudent officer to believe that Plaintiff had committed or was committing an offense. On an objective basis, it is obvious that no reasonably competent officer would have concluded that the facts warranted Plaintiff's detention, much less his arrest.

31.     **§ 1983 - Malicious Prosecution**.   Plaintiff also pleads causes of action for malicious prosecution under §1983.  Defendant Ibarra, acting under color of state authority, maliciously charged Plaintiff with assault on a public servant and tendered false information concerning said charges to the prosecutor which leads that person to believe that probable cause exists when there is none.

### SECOND CLAIM FOR RELIEF - - Texas  - - Intentional Infliction of Emotional Duress

32.     The allegations set forth in Paragraphs 8 through 17 are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.  Furthermore, the claims brought by Plaintiff under this section only apply to Defendants Ibarra and Jones. Any reference to "Defendants" in this section only applies to the aforementioned Defendant Ibarra and does not include DART.

33.     As a pendent state cause of action, at all times material and relevant herein, Defendants Ibarra and Jones, by acts and/or omissions and under color of state law, intentionally and/or recklessly inflicted emotional duress upon Plaintiff, thereby he claims the tort of intentional infliction of emotional distress. Plaintiff alleges that the Defendants Ibarra and Jones, acted intentionally and/or recklessly when assaulting him and further alleges that such conduct was extreme and outrageous. The actions of Defendants Ibarra and Jones caused Plaintiff to suffer emotional distress; and the emotional distress suffered by him was so severe that it requires treatment --  no reasonable persons should be expected to endure such.

### THIRD CLAIM FOR RELIEF - - Texas - - False Arrest and False Imprisonment

34.     The allegations set forth in Paragraphs 8 through 17 are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.  Furthermore, the

claims brought by Plaintiff under this section only apply to Defendants Ibarra and Jones. Any reference to "Defendants" in this section only applies to Defendants Ibarra and Jones and does not include DART.

35. As a pendent state cause of action, at all times material and relevant herein, Defendants Ibarra and Jones, by acts and/or omissions and under color of state law, willfully detained Plaintiff without the consent of him and without authority of law. Plaintiff pleads false arrest and false imprisonment as Defendants Ibarra and Jones had the intent to confine him, and carried out the intent by putting him in a position so that he could not move, let alone leave. Said confinement resulted in harmful detention, without consent, and without authority of law.

### FOURTH CLAIM FOR RELIEF - - Texas - - Assault & Battery

36. The allegations set forth in Paragraphs 8 through 17 are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading. Furthermore, the claims brought by Plaintiff under this section only apply to Defendants Ibarra and Jones. Any reference to "Defendants" in this section only applies to Defendant Ibarra and does not include DART.

37. As a pendent state cause of action, at all times material and relevant herein, Defendants Ibarra and Jones, by acts and/or omissions and under color of state law did then and there by acts and/or omissions, intentionally, knowingly and/or recklessly caused severe personal injury to Plaintiff through uncontested physical contact with Plaintiff.

38. Under Texas law, the cause of action for excessive force is simply one for assault and battery. Consequently, Plaintiff alleges that Defendants Ibarra and Jones committed an assault upon him when they intentionally, knowingly, and/or recklessly beat and slammed Plaintiff. At no time did Plaintiff consent. Said assaultive conduct of Defendants Ibarra and Jones was committed

intentionally, knowingly, and/or recklessly and was the proximate cause of bodily and emotional injuries to Plaintiff. Said injuries were the direct and immediate consequence of Defendants Ibarra and Jones's wrongful act and a natural and direct result of the assault.

39.     At no time were Defendants Ibarra and Jones privileged to take the action as force was not necessary. Moreover, Defendants Ibarra and Jones's assault and battery of Plaintiff was not objectively reasonable when balancing the amount of force used against the need for the force. Put differently, at no time was Plaintiff fleeing or about to flee, nor was anyone (including Defendants Ibarra and Jones) ever in danger.

## DAMAGES

40.     As a result of the foregoing unlawful and wrongful acts of Defendants, jointly and severally, Plaintiff has been caused to suffer general damages which include but are not limited to the following: both physical and emotional injury, including but not limited to - - pain and suffering, emotional and mental distress, and personal humiliation and shock, along with severe emotional distress.

41.     Said injuries have caused Plaintiff to incur special damages which include but are not limited to: past medical expenses, lost income and the occurrence of attorneys' fees associated with criminal charges.

42.     Pursuant to the Civil Rights Attorney's Fees Award Act, 42 U.S.C.S. § 1988, a prevailing party in a § 1983 case is entitled to recover his attorney's fees. Hence, Plaintiff further prays for all costs and attorney fees associated with bringing the present case to trial.

43.     In addition, Plaintiff prays for punitive damages against all individual Defendants. Punitive damages are designed to punish and deter persons such as Defendants who have engaged in egregious wrongdoing. Punitive damages may be assessed under § 1983 when a Defendant's conduct

is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally-protected rights of others.  While municipal defendants are absolutely immune from § 1983 awards of punitive damages, such damages may be awarded against a public employee or official in their individual capacity.  Therefore, Plaintiff alleges and pray for punitive damages against all individual Defendants, as such Defendant actually knew that his conduct was unconstitutional, and/or was callously indifferent to its legality.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays that upon trial of the merits, he recover compensatory damages against Defendants, jointly and severally; that Plaintiff also recover punitive damages against all individual Defendants in an amount to punish and/or deter and to make an example of those Defendants in order to prevent similar future conduct; and, that Plaintiff recover against each Defendant all reasonable and necessary attorney's fees, court costs and expenses in regards to the present suit in litigation.  Moreover, Plaintiff prays for all pre-judgment and post judgment interest that can be assessed against the Defendants in the event of recovery; and that Plaintiff recovers against each Defendant any and all other general or specific relief to which he may prove himself justly entitled.

Respectfully submitted,

by:_/s/ *Daryoush Toofanian*_____

DARYOUSH TOOFANIAN
State Bar No. 24039801
12900 Preston Rd. Suite 900
Dallas, Texas 75230
P: 972/ 661-1111
F: 972/ 661-3537
Email:   dtoofanian@radlawfirm.com